Southern Mutual Life Association v. Cocherell.

Opinion delivered November 17, 1924.

Insurance—mutual companies—by-laws.—In an action against a mutual or assessment life insurance company on a policy of life insurance, admission of a copy of the by-laws adopted after issuance of the policy and limiting defendant's liability and repealing all former by-laws, was properly refused, in the absence of proof that similar by-laws or a provision authorizing material change was in force at the time the policy was issued.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

*Longstreth & Longstreth,* for appellant.

Under a policy issued by a mutual company the beneficiary is controlled by the terms of the contract, which include the policy, application and by-laws. 249 S. W. 3; 244 S. W. 719. Under the by-laws, etc., only the sum of $175.57 was due, and it was error to direct a verdict for a larger amount.

*Evans & Evans,* for appellee.

The by-laws attempted to be introduced were not the ones in force at the time of the issuance of the policy. Subsequently enacted by-laws, unless the contract specially so provides, cannot be retroactive so as to affect vested rights. To change a by-law which is a part of a contract is to change the contract itself. Bacon, Life & Acc. Ins. (4th ed.) §§ 231, 233; 120 Pac. 363, Ann. Cases 1913C, p. 679; R. C. L., § 19, Mutual Benefit Societies. Under a reserved right to change by-laws see 117 Ark.

136. The by-laws were not properly identified in any way required by law to entitle them to be admissible in evidence. 10 R. C. L., § 368, "Evidence." See also 70 Ark. 364; 109 Ark. 403; 71 Ark. 174; Chamberlayne's Hand-Book on Evidence, § 1092. When the by-laws conflict with the policy contract, the latter has preference over the former. 101 Ark. 353; 140 Ark. 313; 156 Ark. 300; 113 Ark. 400; 199 N. Y. 103; A. & E. Ann. Cas., vol. 20, p. 930. Parol evidence as to the contents of books and records cannot take the place of the records themselves. 10 R. C. L. § 59; 65 Ark. 261.

McCULLOCH, C. J. Appellant is a life insurance company, conducted on the mutual, or assessment, plan, and, on November 1, 1916, issued and delivered to William S. Cocherell, the husband of appellee, Anna Cocherell, a policy in one of the circles of the company, payable to appellee. William S. Cocherell died in December, 1922, and this is an action instituted by appellee on the policy against the Southern Mutual Life Association and the three individuals who signed its bond filed with the Insurance Commissioner of the State in accordance with the statute.

There is no dispute as to the issuance of the policy to Cocherell or the payment of the premiums, and no dispute that the policy was in force at the death of Cocherell, but the contention of appellants is that, under a provision of the by-laws, the company is only liable for such sum, not in excess of $1,000, "that the fund received from the assessment next preceding the death of a member against the members of the circle of which the deceased was a member shall amount," and that "the sum received from said assessment shall, upon its delivery to the beneficiary entitled thereto, constitute payment in full of the amount due under the said certificate."

Appellants contended, and attempted to prove, that the last assessment preceding the death of Cocherell amounted to only the sum of $175.57, and that sum was tendered to appellee before the trial. There was a per-

emptory instruction in favor of appellee for the recovery of $886.50, which was the maximum amount named in the policy, $1,000, less the payment of $50 and certain premiums which were entitled to be credited.

The policy, which was introduced in evidence, recites its issuance in consideration of the application for membership, and then proceeds with the following provision:

"The value of this certificate, during the first six months after the date of the issuance thereof, is $75, after which time it increases at the rate of $12.50 per calendar month for seventy-four months, when it reaches its maximum value of one thousand dollars."

The application signed by Cocherell, omitting the caption, reads as follows:

"I hereby certify that I have read all the statements, questions and answers in this entire application, and hereby warrant and agree that said statements and answers, together with this declaration, are true, complete and full, and shall be the basis of, and the consideration for, the contract hereby applied for; and I further agree that this entire application, and the certificate that may be hereafter issued hereon, together with the by-laws, rules and regulations of the association and myself, and that no statements, promises or information given by, or to, the person taking this application shall in any way affect this contract unless reduced to writing and presented in this application."

Appellants read in evidence the by-laws of the company, or association, a section of which reads as follows:

"The value of membership certificates representing a benefit of one thousand dollars at maturity shall increase from date of issuance as follows: The value of said certificate during the first six months of membership will be seventy-five dollars, the said value will increase thereafter at the rate of twelve dollars and fifty cents per calendar month up to and including the eightieth month of the life of the certificate, when it reaches the maximum value of one thousand dollars,

provided that the funds received from the assessment next preceding the death of a member, against the members of the circle of which the deceased was a member, shall amount to the sum designated on said certificate. Otherwise the sum received from said assessment shall, upon its delivery to the beneficiary entitled thereto, constitute payment in full of the amount due under the said certificate.''

The court refused to permit appellants to introduce a copy of the by-laws, and that ruling of the court is assigned as error. Conceding that the copy sought to be introduced was sufficiently authenticated and identified as the by-laws of appellant company, yet there was no prejudice in the ruling of the court, for the reason that the offered copy of the by-laws contained a preliminary recital that they were adopted by the company on September 30, 1921, and repealed all former by-laws and amendments. There was no proof, either introduced or offered, that similar by-laws were in force at the time of the issuance of the policy to Cocherell or that there was a provision anthorizing a material change in the by-laws. It will be seen from a reading of the policy that it contained an unconditional promise to pay the beneficiary seventy-five dollars in case of death during the first six months, with an increase of $12.50 per calendar month for seventy-four months, until the policy reached the maximum of $1,000. In other words, if death did not occur within seventy-four months, the death claim should be the sum of $1,000. It is true the application of Cocherell contained a recital that the policy would be issued subject to the by-laws, but that meant, of course, the by-laws as existing at the time of the issuance of the policy. Appellants therefore have failed to show any limitation upon the unrestricted liability expressed in the policy for the sum of $1,000.

Other questions discussed by counsel for appellee need not be mentioned, for the reason that, under the views expressed above, an affirmance of the judgment must result.

Judgment affirmed.